IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUID LIQUID PUBLISHING, a New York general partnership, SALVATORE PRINCIPATO, SCOTT HARTLEY, RICHARD MCGUIRE, and DENNIS YOUNG p/k/a LIQUID LIQUID,<br><br>Plaintiffs,<br><br>v.<br><br>SUGAR HILL MUSIC PUBLISHING, LTD., a New York corporation, and PILLOW TALK, INC., a New Jersey corporation,<br><br>Defendants. | Civil Action No.:   1:20-cv-1353<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs Salvatore Principato, Scott Hartley, Richard McGuire, Dennis Young, and Liquid Liquid Publishing, a New York general partnership (collectively "Liquid Liquid"), by and through their undersigned attorney, for their complaint against Defendant Sugar Hill Music Publishing and Pillow Talk, Inc. (collectively, "Defendant" or "Sugar Hill"), upon information and belief, hereby allege the following:

**NATURE OF THIS ACTION**

1. Liquid Liquid is a venerable New York City-based band known for its role in the No Wave musical movement during the late 1970s and early 1980s. The band had several hits, the most famous of which was titled "Cavern." In 1983, Melle Mel released a track through Sugar Hill Records titled "White Lines," which used some or all of the instrumentals from "Cavern" and added lyrics about the cocaine craze of the 1980s. In the mid-1990s, Liquid Liquid approached Sugar Hill Music Publishing, Ltd., the owner of the rights to "White Lines,"

with a claim that use of the "Cavern" instrumentals in "White Lines" infringed Liquid Liquid's registered copyright.

2. In 1996, Liquid Liquid and Sugar Hill agreed to a resolution of the infringement claim in exchange for Liquid Liquid being paid a percentage of future royalties earned from "White Lines." The agreement was memorialized in a signed writing, which also entitled Liquid Liquid to inspect Sugar Hill's books and records related to "White Lines." But Sugar Hill has refused to provide books and records access and appears to have violated other terms of the agreement requiring certain percentages of royalties be paid to Liquid Liquid. On March 19, 2019, Liquid Liquid terminated the settlement agreement with Sugar Hill for material breach and now brings this action for Copyright infringement and breach of contract.

**JURISDICTION AND VENUE**

3. This is an action for, *inter alia*, copyright infringement to recover damages and for injunctive relief for the injuries sustained by Liquid Liquid resulting from Sugar Hill's continuous and willful violations of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter, "the Copyright Act").

4. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C § 1331, and § 1338(a).

5. This Court has personal jurisdiction over Sugar Hill because Sugar Hill is a New York corporation doing business in this District.

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C §§ 1391 and/or 1400(a). Sugar Hill may be found in this District and/or has principal places of business in this District and/or a substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

**PARTIES**

7. Plaintiff Liquid Liquid Publishing is a New York general partnership with a principal place of business in New York, New York.

8. Plaintiff Salvatore Principato is a natural person residing in New York.

9. Plaintiff Scott Hartley is a natural person residing in New York.

10. Plaintiff Richard McGuire is a natural person residing in New York.

11. Plaintiff Dennis Young is a natural person residing in New Jersey.

12. Liquid Liquid is the original composer and owner of the copyrighted musical work titled "Cavern."

13. Defendant Sugar Hill is a New York corporation with a principal place of business in Manhattan. Upon information and belief, Sugar Hill does business in this District and is engaged in the production, manufacture, and distribution of musical recordings and performances in North America.

14. Defendant Pillow Talk, Inc. is a New Jersey corporation with a principal place of business in Englewood, New Jersey. Pillow Talk receives royalties on behalf of Sugar Hill. Upon information and belief, Pillow Talk does business in this District and is engaged in the production, manufacture, and distribution of musical recordings and performances in North America. Upon information and belief the ownership of Pillow Talk and Sugar Hill are identical and Pillow Talk is an alter ego of Sugar Hill, or vice versa.

**BACKGROUND**

15. Liquid Liquid is comprised of Sal Principato, Scott Hartley, Richard McGuire, and Dennis Young. The band started their career in the 1980s in the New York City No Wave downtown scene playing a style of music that blended funk, dub reggae, Afrobeat, and

punk rock. They have recorded and produced several EPs, which were later re-issued as a compilation in 1997.

16. Liquid Liquid has composed numerous musical works and has registered the copyright in several of those works with the United States Copyright Office. Liquid Liquid derives a portion of its income from the sale, distribution, and licensing of its copyrighted musical works.

17. Relevant here, in or about 1982, Liquid Liquid composed the musical work "Cavern" as a track on the "Optimo" EP.  In 1983, Liquid Liquid registered the copyright in the composition of "Cavern" under PA0000187230.

18. "Cavern" consists of music, lyrics, and arrangements including the use, editing, and selection of sound recordings.  The musical and lyrical compositions, together with the arrangements, selections and editing of sound recordings are wholly original to Liquid Liquid.  Liquid Liquid's work is copyrightable subject matter under the laws of the United States.

19. In or around 1983, Melle Mel, Grandmaster Flash, and/or Sugar Hill recorded "White Lines," which was a performance of the Sugar Hill house band covering "Cavern" accompanied by different lyrics related to cocaine abuse.

20. In 1995, Liquid Liquid, through its attorneys, approached Sugar Hill with a claim that "White Lines" infringed Liquid Liquid's copyright in "Cavern" because the instrumental composition and even some of the lyrics were nearly identical.

21. In 1996, Liquid Liquid and Sugar Hill executed a settlement agreement (the "Agreement") whereby Liquid Liquid agreed to acknowledge Sugar Hill's copyright in White Lines as valid and to release Sugar Hill from any infringement claims based on the

copyright in Cavern.  **Exhibit 1.**  In exchange, Sugar Hill agreed that Liquid Liquid would be entitled to either 37.5% or 25% of the gross receipts for exploitation of "White Lines," or the Grandmaster Flash recording of "White Lines," respectively.

22. The Agreement also included a provision that entitled Liquid Liquid to access to Sugar Hill's books and records related to White Lines on an annual basis.

23. In mid-2018, Liquid Liquid contacted Sugar Hill related to royalties that were payable to Liquid Liquid under the Agreement for use of "White Lines" in an episode of the NetFlix series "Narcos."

24. On July 12, 2018, Liquid Liquid wrote to Sugar Hill's manager, Leland Robinson, and put Sugar Hill on notice that it suspected Sugar Hill had failed to pay some royalties to Liquid Liquid that were due under the Agreement.

25. Upon information and belief, on multiple occasions Sugar Hill had collected 100% of royalties for synchronization and other licenses to use "White Lines" in derivative works and retained the entire 100% in violation of the Agreement's requirement to pay 37.5% or 25% to Liquid Liquid.

26. Upon information and belief, on multiple occasions Sugar Hill misrepresented the publishing splits to licensees such that Liquid Liquid received only 25% of the royalties when it should have received 37.5%.

27. Between July 2018 and February 2019, Liquid Liquid repeatedly asked Sugar Hill for an accounting and/or access to the books and records related to "White Lines" with no results.  Occasionally Mr. Robinson would respond and promise an accounting, but eventually he stopped responding altogether.

28. On February 6, 2019, Liquid Liquid made a final attempt to get access to the books and records. Sugar Hill did not respond to the inquiry. Thus, Liquid Liquid was left with no ability to determine the extent to which Sugar Hill had retained royalties in violation of the Agreement.

29. On March 19, 2019, Liquid Liquid sent a letter to Sugar Hill terminating the Agreement for material breach, citing both Sugar Hill's failure to provide books and records access and to honor the royalty splits in the Agreement.

30. Thereafter, Sugar Hill and Liquid Liquid had discussions over the course of 2019, which were punctuated by long periods of silence by Sugar Hill. Sugar Hill finally provided some royalty statements in mid-2019, but the synchronization revenue was not accounted for. The discussions ended with no resolution in late 2019 after Sugar Hill stopped responding to calls and emails.

31. In light of Liquid Liquid's termination of the contract in March 2019, any use by Sugar Hill of White Lines since that date has been an unauthorized use and infringement of Liquid Liquid's copyright.

32. Upon information and belief, Sugar Hill's conduct was undertaken purposefully, willfully, knowingly, maliciously, and without regard to the inevitable damage certain to result to Liquid Liquid. Sugar Hill was at all times aware that "Cavern" was copyrighted and that "White Lines" incorporated the composition in "Cavern," and thus its actions were intentional.

33. Sugar Hill has been reproduced, distributed, and performed Liquid Liquid's composition in "Cavern" through the derivative work "White Lines" and derivative works thereof, via synchronization and other licenses. For example, White Lines has been

synchronized in many television and other video formats, including Narcos: Mexico, The Leftovers, and Quiet Storm: The Ron Artest Story.

34. Sugar Hill's conduct has damaged Liquid Liquid economically and otherwise, including but not limited to loss of royalty revenue.

## COUNT I - COPYRIGHT INFRINGEMENT

35. Liquid Liquid repeats and re-alleges the foregoing allegations as if fully set forth herein.

36. Liquid Liquid is the copyright owner of the musical work titled "Cavern," which is registered with the United States Copyright Office under PA0000187230.

37. By producing, transmitting, and distributing "White Lines" Sugar Hill has reproduced, prepared derivative works based upon, publicly performed, and distributed copies of substantial portions of "Cavern" or derivative works thereof, without Liquid Liquid's permission or authorization.

38. Sugar Hill's conduct constituted, and continues to constitute, infringement upon Liquid Liquid's exclusive rights to reproduce, prepare derivative works based upon, publicly perform, and distribute "Cavern," all in violation of 17 U.S.C. §§ 106 and 501.

39. Through Sugar Hill's participation in, and contribution to, the distribution of "White Lines" in the United States, Sugar Hill knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Liquid Liquid's copyright in the musical work "Cavern."

40. Through the acts of distributing White Lines to third parties that then go on to make derivative works, and distributing White Lines directly, Sugar Hill has infringed the "Cavern" copyright directly or through inducement, and/or by contributory infringement.

41. As a result of Sugar Hill's infringement, Liquid Liquid has been damaged in an amount yet to be ascertained.

42. As a result of Sugar Hill's infringement, Liquid Liquid has been irreparably harmed and, absent a permanent injunction restraining and enjoining Sugar Hill's actions, such irreparable harm will continue.

43. As a result of Sugar Hill's infringement, Liquid Liquid is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement. Alternatively, upon Liquid Liquid's election, it shall be entitled to actual damages plus Sugar Hill's profits from infringement, as will be proven at trial.

### COUNT II – BREACH OF CONTRACT

44. Liquid Liquid repeats and re-alleges the foregoing allegations as if fully set forth herein.

45. The Agreement was a valid and binding contract between Sugar Hill and Liquid Liquid.

46. Sugar Hill was obligated by the Agreement to allow Liquid Liquid to collect 37.5% or 25% of all gross revenues derived directly or indirectly from exploitation of "White Lines." The Agreement made clear that "[a]ny recovery of any monies as a result of a judgment, settlement or otherwise in respect of 'White Lines' shall be divided [according to the splits set forth herein]."

47. Sugar Hill was also obligated to allow Liquid Liquid to inspect its books and records related to "White Lines."

48. Upon information and belief, Sugar Hill collected 100% of royalties for some licensed uses of "White Lines" without remitting to Liquid Liquid its share under the Agreement and/or collected the wrong amount in violation of the Agreement.

49. Sugar Hill also repeatedly failed to provide Liquid Liquid with both accounting statements and/or access to books and records.

50. Sugar Hill's acts have been willful, intentional, and purposeful, in disregard of and indifference to Liquid Liquid's rights under the Agreement, and constitute a material breach thereof, which has defeated the purpose of the Agreement.

51. The material breach entitled Liquid Liquid to rescind the Agreement because an extended failure to pay royalties and provide access to books and records defeated the purpose of the Agreement, which was to compensate Liquid Liquid for its agreement not to assert its copyright in "Cavern."

52. Further, Liquid Liquid rescinded the Agreement through its March 19, 2019 letter to Sugar Hill.

53. Liquid Liquid is entitled to damages in an amount to be determined at trial for Sugar Hill's collection and wrongful retention of royalties in violation of the Agreement and/or an injunction.

## PRAYER FOR RELIEF

**WHEREFORE,** Liquid Liquid demands a judgment from this Court:

a) That Sugar Hill Music Publishing be held to have infringed Liquid Liquid's copyright;

b) That Sugar Hill be held to have willfully infringed Liquid Liquid's copyright;

   c)  That Sugar Hill be restrained and enjoined from infringing Liquid Liquid's copyright in any manner, including but not limited to issuing synchronization and other licenses;

   d)  That Sugar Hill be held to have materially breached its duty under the Agreement;

   e)  That Sugar Hill provide Liquid Liquid with access to books and records for the six years preceding the filing of this action;

   f)  That Sugar Hill pay damages for all royalties due under the Agreement for the six years prior to filing this action;

   g)  That Sugar Hill be ordered to pay Liquid Liquid monetary damages (statutory and/or otherwise) and any additional profits of Sugar Hill attributable to Sugar Hill's infringement;

   h)  That Sugar Hill be ordered to pay pre-judgment interest, costs and attorneys' fees.

   i)  That Liquid Liquid be awarded such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Liquid Liquid hereby demands trial by jury on all issues that may be tried thereby.

Dated: February 15, 2020

/s/ *Peter Scoolidge*
Peter Scoolidge (PS7107)
*peter@sprfllp.com*
Margaret Scoolidge (MS4557)
*margaret@sprfllp.com*
SCOOLIDGE, PETERS, RUSSOTTI & FOX, LLP
2 Park Avenue – 19th Floor
New York, NY 10016
 Tel: (212) 913-9455
 Fax: (866) 344-5070

*Attorneys for Plaintiffs*